IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES HILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER GILBERT; ET AL.,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-0976(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Charles Hilton, Plaintiff Pro Se
437 ½ Park Avenue
Williamsport, PA 17701

**SIMANDLE, Chief District Judge:**

## I.   INTRODUCTION

Charles Hilton seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against various employees of the Camden County Jail ("CCJ"). Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons set forth below it is clear from the complaint that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**II. BACKGROUND**

Plaintiff alleges that in 2005, 2006, 2009 and 2012, he was detained in the CCJ in an overcrowded cell. Complaint § III. He further alleges that due to overcrowding, he was forced to sleep with his head near the toilet or under the bed. *Id.* He further alleges he complained to Officers Long, Gilbert, and Frost, however, was told "Shut up, stop crying and pull covers over head." *Id.*

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal

under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiff's complaint alleges that he experienced unconstitutional conditions of confinement while he was detained in the CCJ in 2005, 2006, 2009 and 2012. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the

plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCJ, namely the alleged overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired in 2014 at the latest, well before this complaint was filed in 2017. Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning the events of 2005, 2006, 2009, and 2012. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir.

4

2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V. CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**April 28, 2017**                  **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                            Chief U.S. District Judge